UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| TEXDOOR, LLC,<br>    *Plaintiff,*<br><br>v.<br><br>JOSEPH SAMFORD, VINTAGE<br>MACHINE TECHNOLOGIES<br>CORP, and NATIONAL DOOR<br>DISTRIBUTION, LLC,<br>    *Defendants.* | )<br>)<br>)<br>)<br>) CIVIL ACTION NO. 3:25-cv-00101-<br>) TES<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CONSENT PRELIMINARY INJUNCTION

The Court, having been informed that Plaintiff TexDoor, LLC ("**Plaintiff**" or

"**TexDoor**") and Defendants Joseph Samford ("**Samford**"), Vintage Machine Technologies Corp.

("**VMT**"), and National Door Distribution, LLC ("**NDD**") (Samford, VMT, and NDD are referred

to collectively as "**Defendants**") have, in the absence of any finding on TexDoor's likelihood of

success on the merits on its claims, consented to a preliminary injunction in advance of the July

7, 2025 TRO hearing before the Court, **HEREBY ORDERS AND DECREES** that:

1.      To preserve the status quo pending further proceedings, Defendant Samford (and

all other persons who are in active concert or participation with him) are restrained from directly

or indirectly doing any of the following, or aiding or assisting others to do any of the following:

(a)     Samford shall not use, disclose or destroy TexDoor Confidential

Information (as that term is defined in Article 4.2(b) of Samford's Employment

Agreement [the "**Agreement**"]) with TexDoor, attached hereto as Exhibit A;

(b)     Samford shall not solicit or attempt to solicit any Restricted Customer (as

that term is defined in Article V of the Agreement) so as to cause or attempt to cause, any

such Restricted Customer not to do business, or to reduce its business, with TexDoor or adversely affect or interfere with the existing relationship between TexDoor and such Restricted Customer;

(c)     Samford shall not solicit or attempt to solicit any Prospective Customer (as that term is defined in Article VI of the Agreement) so as to cause, or attempt to cause, any such Prospective Customer not to do business with TexDoor or adversely affect or interfere with the existing relationship between TexDoor and such Prospective Customer; and

(d)     Samford shall not encourage any employee of TexDoor to terminate the employee's employment with TexDoor or solicit such individual for employment outside of TexDoor in a manner that would end or diminish that employee's services to TexDoor.

2.     Within twenty-one (21) business days of the entry of this Order, Samford, through counsel, will return to TexDoor's counsel the April 2, 2024 emails to Al Barrientz referenced in Paragraph 70 of TexDoor's Complaint, the USB Devices referenced in Paragraph 75 of TexDoor's Complaint (to the extent that they are still in Samford's possession), and any documents, images, or other electronic files in Samford's possession that he obtained by virtue of his employment with TexDoor (excluding information regarding Samford's pay or benefits), with the metadata for electronic information forensically preserved and intact. To the extent that they are in possession of any of the aforementioned materials, then VMT and NDD shall also return those materials with the metadata for electronic information forensically preserved and intact. TexDoor and Defendants shall work together to accomplish this task in a manner that ensures the return of such property in a forensically appropriate manner.

3.     Any bond requirement is hereby waived.

4.      This Preliminary Injunction shall remain in effect until otherwise ordered by the Court or by expiration of the time periods applicable to each of the restrictive covenants in the parties' Employment Agreement at issue in the case, on April 15, 2026, whichever occurs first. The Parties agree that the non-compete restriction contained in Article VIII of the Agreement has expired and is not subject to this Consent Preliminary Injunction.

5.      By agreeing to this Consent Preliminary Injunction, Defendants do not admit that they have engaged in any wrongdoing and do not waive any defenses that they may assert in this litigation. Additionally, the Parties agree that this Consent Injunction will not apply to acts that have been alleged to take place prior to its entry and that it will only govern acts taking place after execution by the Court. Any business that TexDoor has lost as a result of alleged past wrongdoing on the part of Defendants (which Defendants deny) shall not be covered by this Consent Injunction but shall instead be a matter for money damages, if TexDoor is successful in establishing wrongdoing.

IT IS SO ORDERED

Tilman E. (Tripp) Self
United States District Court Judge
Middle District of Georgia

Dated: July 7, 2025
Athens, Georgia
Time: 4:25 a.m./p.m.