IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| TEXDOOR, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>JOSEPH SAMFORD, VINTAGE MACHINE TECHNOLOGIES, CORP., and NATIONAL DOOR DISTRIBUTION, LLC,<br><br>*Defendants.* | CIVIL ACTION NO.<br>3:25-cv-00101-TES |

ORDER DENYING DEFENDANTS
VINTAGE MACHINE TECHNOLOGIES CORP. AND NATIONAL DOOR
DISTRIBUTION, LLC'S JOINT MOTION TO DISMISS

Before the Court is Defendants Vintage Machine Technologies Corp. and

National Door Distribution, LLC's Joint Motion to Dismiss [Doc. 25] asking the Court to

dismiss Plaintiff TexDoor, LLC's Complaint [Doc. 1] on multiple grounds.

## BACKGROUND

Plaintiff filed its Complaint on June 17, 2025. The Complaint alleges a single

count against Defendants Vintage Machine Technologies Corp. and National Door

Distribution, LLC (collectively referred to as 'VMT") for tortious interference with

contract. *See* [Doc. 1]. This claim stems primarily from Defendant Joseph Samford's

prior employment with Plaintiff. Previously, Defendant Samford was employed by

Southeast Door Technologies ("SEDT") from 2011 until SEDT was acquired by Plaintiff in August 2023. [*Id.* at ¶ 28]. When Defendant Samford became officially employed by TexDoor in August 2023, he was required to sign an Employment Agreement ("Agreement"). [*Id.* at ¶ 34]. This Agreement contained multiple restrictive covenants regarding limited non-disclosure of confidential information, non-solicitation of customers, non-competition, and non-solicitation of Plaintiff's employees. [Id. at ¶ 36-43].

On March 14, 2024, Defendant Samford provided notice of his resignation to TexDoor with his last day of employment to be April 15, 2024. [*Id.* at ¶ 48]. Defendant Samford is now employed by an alleged competitor, Vintage Machine Technologies, Corp. [*Id.* at ¶ 50]. Plaintiff alleges that Defendant Vintage Machine Technologies, Corp. is a corporation located in Monroe, Georgia and that National Door Distribution, LLC is a limited liability company located in Covington, Georgia. [*Id.* at ¶¶ 11–12]. Plaintiff defines these two defendants as "VMT" collectively. [*Id.* at p. 1]. Plaintiff consistently refers to the two entities jointly as VMT throughout the Complaint.

Plaintiff alleges that Defendant Samford performs virtually the same or similar services that he performed at TexDoor for his new employer, VMT. [*Id* at ¶ 50]. In doing so, Plaintiff alleges that Defendant Samford "willfully and malicious[ly] misappropriated TexDoor's confidential and trade secret information through multiple methods." [*Id.* at ¶ 5]. Plaintiff claims that Defendant Samford has "taken this course of

action at the direction of, and in order to benefit, VMT" and that "VMT has continued to tortiously interfere with TexDoor's rights under the Agreement" because of "VMT's intent to compete with TexDoor." [*Id.* at ¶¶ 6, 66].

## LEGAL STANDARD

When ruling on a 12(b)(6) motion, district courts must accept the facts set forth in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). A complaint survives a motion to dismiss only if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). In fact, a well-pled complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citations omitted).

Although Federal Rule of Civil Procedure 8 does not require detailed factual allegations, it does require "more than [ ] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *McCullough*, 907 F.3d at 1333 (citation omitted). To decide whether a complaint survives a motion to dismiss, district courts are instructed to use a two-step framework. *Id.* The first step is to identify the allegations that are "no more than mere conclusions." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Conclusory allegations are not entitled to the assumption of truth." *Id.* (citation omitted). After disregarding the conclusory allegations, the second step is to "assume any remaining factual allegations

are true and determine whether those factual allegations 'plausibly give rise to an

entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Furthermore, a complaint attacked by a 12(b)(6) motion is subject to dismissal

when it fails to "give the defendant fair notice of what the . . . claim is and the grounds

upon which it rests." *Twombly*, 550 U.S. at 555. "A plaintiff must plead more than labels

and conclusions or a formulaic recitation of the elements of a cause of action."

*McCullough*, 907 F.3d at 1333 (internal quotations omitted); *see also Twombly*, 550 U.S. at

555. "To be sure, a plaintiff may use legal conclusions to structure his complaint, but

legal conclusions 'must be supported by factual allegations.'" *McCullough*, 907 F.3d at

1333 (quoting *Iqbal*, 556 U.S. at 679). While courts, in ruling on a motion to dismiss, must

take all factual allegations in the complaint as true; they are not bound to accept a legal

conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. Courts must "identify

conclusory allegations and then discard them—not 'on the ground that they are

unrealistic or nonsensical' but because their conclusory nature 'disentitles them to the

presumption of truth.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 681).

The issue to be decided when considering a motion to dismiss is not whether the

claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence

to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other

grounds by Davis v. Scheuer*, 468 U.S. 183 (1984). The factual allegations in a complaint

"must be enough to raise a right to relief above the speculative level" and cannot

"merely create[] a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at

545, 555. Finally, complaints that tender "'naked assertion[s]' devoid of 'further factual

enhancement'" will not survive against a motion to dismiss.  *Iqbal*, 556 U.S. at 678

(quoting *Twombly*, 550 U.S. at 557) (alteration in original). Stated differently, the

complaint must allege enough facts "to raise a reasonable expectation that discovery

will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556.

## DISCUSSION

Defendants Vintage Machine Technologies Corp. and National Door

Distribution, LLC ("Defendants") first argue that Plaintiff's Complaint lacks

particularity regarding what allegations are made against Defendants either jointly or

individually. [Doc. 25-1, pp. 5–8]. Defendants allege that by referring to Defendants in

the collective, Plaintiff is seeking to evade the particularity necessary to state a claim

against each Defendant. [*Id.*]. For example, Defendants claim that Plaintiff's Complaint

is purposefully obtuse as to whether "VMT" means Vintage Machine or National Door

under its tortious interference claim. [*Id.* at p. 6]. Defendants argue that this is a critical

distinction because if Defendant Samford "is alleged to now work for Vintage Machine,

and that new employer is a former customer of TexDoor as opposed to the competitor

National Door, as Plaintiff alleges, Samford could not have been induced to breach his

non-compete and customer solicitation agreements." [*Id.* at p. 7].

A careful reading of the Complaint, however, does not logically lead to that conclusion. Plaintiff's Complaint appears to assert that Defendants are, for all relevant purposes, one in the same. It is not an insurmountable leap to conclude that because Defendants are businesses that have the same owner and operate in the same industry in the same geographic territory, Plaintiff has assumed that the two entities operate jointly and can be included together as "VMT" for purposes of Plaintiff's claim for tortious interference. While Plaintiff does concede that Defendants are not the same company for purposes of business registration, Plaintiff has alleged that the companies could be working as joint employers. [Doc. 27, p. 4]. What is material at this stage in the case is the fact that Plaintiff has pled in its Complaint that Defendants are defined jointly as "VMT" and refers to them collectively throughout the Complaint. Whether Defendants are actually joint employers is a question that should be answered after discovery is conducted by the parties. As such, dismissal is not appropriate at this time.

Next, Defendants argue that Plaintiff's Complaint is an impermissible shotgun pleading because it asserts multiple claims against multiple defendants without specifying which defendants are responsible for which acts. [Doc. 25-1, p. 9]. As noted above, it appears that Plaintiff intended for its claim for tortious interference to be against Defendants jointly. As such, Defendants have been given adequate notice as to which claims apply to the Defendants at this stage in the case. Should discovery reveal

that Defendants are not joint employers of Defendant Samford, then Plaintiff may amend its Complaint accordingly to better reflect the alleged liability of the defendants.

Finally, Defendants argue that Georgia law currently precludes Plaintiff's claim for tortious interference with a contract. [*Id.* at p. 11–13]. In doing so, Defendants primarily rely on *Parnell v. Sherman & Hemstreet, Inc.*, 364 Ga. App. 205 (2022). In *Parnell*, the Georgia Court of Appeals determined that a new employer was not a "stranger" to a contract between an employee and his former employer because the new employer had a legitimate financial interest in the employee's potential violation of the employment agreement. 264 Ga. App. at 216. In doing so, the *Parnell* court drastically departed from what a majority of Georgia courts have held regarding tortious interference claims as cited by Plaintiff. [Doc. 27, pp. 9–12]. The Court is not bound by Georgia Court of Appeals opinions and thus declines to follow *Parnell* in this instance.

At this point in the case, it is premature to dismiss Plaintiff's case against Vintage Machine and National Door. Based on the foregoing, the Court **DENIES** Defendants Vintage Machine Technologies Corp. and National Door Distribution, LLC's Joint Motion to Dismiss [Doc. 25] in full. This case will proceed to discovery.

**SO ORDERED**, this 7th day of October, 2025.

S/ *Tilman E. Self, III*
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**